AKRON BOARD OF EDUCATION, APPELLEE, *v.* STATE EMPLOYMENT RELATIONS BOARD, APPELLANT.

(No. 13090—Decided November 12, 1987.)

*John M. Glenn* and *Joseph C. Weinstein,* for appellee.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Joseph M. Oser,* for appellant.

MAHONEY, P.J. The State Employment Relations Board ("SERB") appeals from an order of the Summit County Court of Common Pleas which reversed SERB's finding that the Akron Board of Education ("board") had committed an unfair labor practice. We affirm the decision of the common pleas court.

## Facts

Deborah Simmons has been employed by the board as a teacher for over a decade. In the 1983-1984 school year, Simmons taught orchestra classes at the elementary, middle and high school levels in the Akron public school system. She traveled as an "itinerant teacher" to five schools per week.

In early February 1984, Simmons was assigned homeroom duties at Simon Perkins Middle School. Simmons had never had such responsibilities previously and immediately protested the new assignment to her superiors at the school. The Akron Education Association ("AEA"), a collective bargaining unit of which Simmons was a member, eventually became involved and a grievance was filed against the board on March 16, 1984.

Simmons prevailed and the "homeroom" responsibilities were terminated on April 9, 1984. The following June, Simmons received an annual "teacher evaluation" of her performance at Simon Perkins Middle School. In the category of "Cooperation is shown colleagues," Simmons received an "Improvement Needed" rating. Contending that Simmons received this rating in retaliation for the

grievance that she had filed in March, the AEA filed an unfair labor practice charge with SERB in August 1984.

After an investigation had been conducted and a complaint issued, a hearing was held before a hearing officer on June 7, 1985. The hearing officer filed his proposed order on November 22, wherein he submitted a finding that "no unfair labor practice has been committed." Counsel for SERB filed exceptions to the proposed order. On February 20, 1986, SERB rejected the proposed order and issued an opinion and order finding that an unfair labor practice had been committed.

This decision was appealed to the Summit County Court of Common Pleas. The common pleas court found that SERB "did not base its decision on findings supported by substantial evidence on the record" and set aside SERB's order. This appeal followed.

### Assignment of Error

"The common pleas court erred in finding that SERB's order was not supported by substantial evidence."

The parties agree that the legal issues in this matter are undisputed. Both agree that if the board rated Simmons poorly in retaliation for the grievance that she had filed, an unfair labor practice occurred. R.C. 4117.11 (A)(1) and (A)(3). In view of the decision we reach today, it is not necessary for us to determine whether or not such conduct, if proven, would be a violation under either (A)(1) or (A)(3). We reserve that judgment for another day.

Factual findings by SERB, "* * * if supported by substantial evidence, on the record as a whole, are conclusive * * *" and a common pleas court may not tamper with such. R.C. 4117.13(B).

In finding that an unfair labor practice had been committed against Simmon, SERB stated in its opinion:

"The chronological pattern of the claimant's good and bad 'observation and appraisal' reports in relation to the proximity of the grievance, coupled with Mr. Young's testimony that the lower rating was because of her handling of 'the homeroom situation' * * * makes it difficult to accept the Respondent's claim that the filing of the grievance had nothing to do with the unsatisfactory rating."

In the balance of its opinion, SERB placed great emphasis upon the "chronological pattern" of Simmons' evaluations. The record reveals that sometime in early March, the principal of Simon Perkins Middle School, B. Donald Young, received a report from a unit principal, Donald E. Smith, indicating that Simmons was not cooperating in fulfilling her "homeroom" responsibilities. Simmons received a letter from Smith concerning such dated March 9. SERB noted that Young subsequently rated Simmons "very good" in the category of cooperating with her colleagues. Simmons did not receive the unfavorable rating until the end of the school year, some months after she had filed the grievance in controversy. Consequently, SERB concluded:

"Good reports in the months immediately preceding the filing of the grievance, an unfavorable one in the first report following it afford no support to the Respondent's claim that the grievance had nothing to do with the lower rating."

The parties agree that SERB misinterpreted the record concerning the date on which Young rated Simmons' performance as "very good." The rating was contained in an "observation and appraisal" report *dated March 5, 1984*. The record is devoid of any indication that Smith had any input concerning this particular rating by Young and the rating was given four days prior to Smith's letter to

Simmons. While the record reveals that Smith discussed Simmons' problems with Young "on an ongoing basis since February" and that Young realized that Simmons objected to her homeroom responsibilities prior to March 5, there is no evidence indicating that Young was aware that Simmons was not cooperating with Smith in resolving these problems at any time prior to March 9.

On March 15, Smith had an appointment to meet with Simmons in Smith's office in order to "clear the air and start anew." Smith did not request that Young attend this meeting until Simmons appeared with an AEA representative, Van Deventer. One day later, Simmons filed her grievance.

Reviewing the record as a whole, we find no substantial evidence indicating that Young gave Simmons a poor rating in June in retaliation for the grievance that she had filed in March. While Young admits that Simmons received the rating due to her lack of cooperation with Young and Smith concerning the performance of her homeroom responsibilities, there is no substantial evidence linking the rating to the grievance. Simmons admits that she was reprimanded by Smith concerning the performance of her homeroom duties. While there is substantial evidence indicating that Simmons was aware of her responsibilities and was given several opportunities to correct her conduct, there is no evidence indicating that she ever attempted to do so.

In its opinion, SERB recognized that Simmons "need not like" performing duties that have been improperly assigned to her. While we agree with this general proposition, we find that a teacher in such a position must, nevertheless, cooperate in performing those duties until actually relieved of them through the grievance procedure.

Summary

SERB's assignment of error is overruled. The judgment of the trial court is affirmed.

*Judgment affirmed.*

BAIRD and GEORGE, JJ., concur.